Argued and submitted June 28, reversed and remanded for further proceedings
September 27, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# BART ALLAN SMITH,
*Appellant.*

## (C82-10-37834; CA A49363)

779 P2d 1097

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant appeals from an order revoking his probation and sentencing him to prison. ORS 138.040. He argues, first, that the trial court lacked statutory authority to revoke his probation, because it had already relied on the same violation to extend his probation. Second, he contends that he was denied the due process that the Fifth and Fourteenth Amendments require. We reverse on the first ground and, therefore, need not consider the second.

Defendant was convicted of sodomy in the first degree and attempted sodomy in the first degree. ORS 163.405; ORS 161.405. On March 28, 1983, the court suspended imposition of sentence and placed him on probation for five years. One of the conditions of probation was that defendant enter and successfully complete a program of mental health counseling for sex offenders. Shortly before the end of the probationary period, his probation officer learned that defendant had not met that condition. On March 15, 1988, defendant consented, in writing, to a change in the terms of probation that the probation officer had proposed. The agreement provided:

> "Extend probation from 3-20-88 until 3-20-89. [Defendant] has not successfully completed his treatment. This will give him an opportunity to do so."

In the same document, defendant waived his right to a hearing and to an appointed attorney.

On March 17, 1988, the court ordered that defendant's probation be extended one year on the ground "that defendant has not successfully completed his treatment, and that therefore his Probation Officer has requested that the Court extend the probationary period one additional year. * * *." That same day, the court issued an order to show cause why probation should not be revoked and a sentence imposed. After a hearing, in July, 1988, the court revoked defendant's probation for failure to complete the treatment program for sex offenders.

Probation is a creature of statute, and a court may not act beyond the limits that the legislature has set. *State v. O'Neal,* 24 Or App 423, 426-27, 545 P2d 910 (1976); *see also*

*State v. Cotton,* 240 Or 252, 254, 400 P2d 1022 (1965). ORS 137.010 provides, in pertinent part:

> "(1) The statutes that define offenses impose a duty upon the court having jurisdiction to pass sentence *in accordance with this section* unless otherwise specifically provided by law.
>
> "(2) When a person is convicted of an offense, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of sentence for any period of not more than five years. The court may extend the period of suspension beyond five years in accordance with subsection (3) of this section.
>
> "(3) If the court suspends the imposition or execution of sentence, the court may also place the defendant on probation for a definite or indefinite period of not more than five years. However, upon a later finding that a defendant on probation for a felony has violated a condition of the probation *and in lieu of revocation,* the court may order the period of both the suspended sentence and the probation extended until a date not more than six years from the date of original imposition of probation." (Emphasis supplied.)

The phrase "in lieu of revocation" shows a legislative intent to give the trial court alternative, but not cumulative, options for a given violation of probation.[1]

The state argues that the trial court may extend and revoke probation for a single violation, because "the words 'in lieu' are words of option, not limitation." However, that reading would conflict with the ordinary meaning of the phrase "in lieu of," which is "in the place of: instead of." *Webster's Third New International Dictionary* 1306 (unabridged 1976); *see State v. Cornell/Pinnell,* 304 Or 27, 31, 741 P2d 501 (1987). The state also relies on ORS 137.550, but there is nothing in that statute that supports its position. Although ORS 137.550 relates generally to probation revocation, ORS 137.010(3), the

---

[1] Before 1981, revocation was the only available sanction for a violation of probation. *Former* ORS 137.010. The 1981 amendment added the option of extending probation. Or Laws 1981, ch 181, § 1. The reason for the change, as described by Senator Fadeley, was to give the trial court more flexibility by adding an intermediate option between revocation and no sanction when, for example, a defendant violates a minor condition of probation near the end of the probationary term. Senate Floor Debate, June 2, 1981, tape 101B, 370-412.

pertinent part of which was enacted after ORS 137.550, specifically governs extensions of probation. The more specific and more recent statute controls. *See Harris v. Craig,* 299 Or 12, 15 n 1, 697 P2d 189 (1985); *Davis v. Wasco IED,* 286 Or 261, 272, 593 P2d 1152 (1979). Finally, the state urges that the court could revoke the extended probation for a new violation. That may be so, but the record discloses that that is not what occurred here. The court acted beyond its statutory authority when it revoked defendant's probation for the same violation on which it had based the earlier extension of probation.

Reversed and remanded for further proceedings not inconsistent with this opinion.[2]

---

[2] Defendant asks that we "reinstate his extended probation," but his disposition after the reversal of the revocation order is not before us. We observe that defendant's probation was originally imposed on March 28, 1983, and that ORS 137.010(3) provides that "the court may order the period of both the suspended sentence and the probation extended until a date not more than six years from the date of original imposition of probation."