On respondents' motion to dismiss filed February 28, and appellants' motion for leave for trial court to enter appealable judgment filed March 6, motion to dismiss denied October 4, 2000

Ronald W. PETERSEN
and Simone L. R. Petersen,
*Respondents,*

*v.*

Danni W. FIELDER
and Rhonda L. Fielder,
*Appellants.*

(16-98-11043; CA A106971)

13 P3d 114

George W. Kelly for motion to dismiss.

Nickolas Facaros and Facaros Dugan Rosas *contra* and for motion for leave for trial court to enter appealable judgment.

Before Haselton, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Defendants appeal from a supplemental judgment awarding attorney fees to plaintiffs. Plaintiffs have moved to dismiss the appeal on the ground that defendants did not appeal from an earlier judgment that awarded plaintiffs costs and that determined plaintiffs' entitlement to attorney fees without fixing the amount of the fees. Defendants have, in turn, moved to give the trial court leave to enter an appealable judgment. We deny plaintiffs' motion to dismiss and, by separate order, grant defendants' motion to give the trial court leave to enter an appealable judgment.

This dispute arose from an arbitration proceeding that resulted in monetary awards for both defendants and plaintiffs. Plaintiffs received the larger award but, initially, the arbitrator did not award costs or attorney fees to any party. Defendants filed an exception with the arbitrator, asserting a right to costs and attorney fees. The arbitrator determined that plaintiffs, rather than defendants, were entitled to costs. Plaintiffs submitted a statement of costs and the arbitrator filed an amended award that included the original monetary awards and also awarded costs to plaintiffs. Plaintiffs then filed in the trial court an exception to the award, asserting a right to attorney fees. Defendants also filed exceptions in the trial court, contesting the award of costs to plaintiffs and asserting their own right to attorney fees.

On March 17, 1999, following a hearing on the parties' exceptions, the trial court entered an order denying defendants' exception to the denial of their attorney fee request. The next day, by separate orders, the trial court denied defendants' exception to the award of costs to plaintiffs and sustained plaintiffs' exception to the denial of their attorney fee request. On March 31, the trial court entered a money judgment that incorporated the arbitrator's award of damages and costs to plaintiffs and also specified that plaintiffs' attorney fees "will be determined subsequently under ORCP 68 C." Defendant did not appeal from that judgment. Plaintiffs then filed their ORCP 68 C statement and, on June 8, the trial court entered a supplemental money judgment

awarding attorney fees to plaintiffs in the amount of $9,490. Defendants appeal from that judgment.

On appeal, defendants assign error to the denial of their request for attorney fees and costs and to the trial court's award of attorney fees and costs to plaintiffs. In their motion to dismiss, plaintiffs contend that defendants' assignments of error challenge rulings embodied in the March 31 judgment and, because defendants did not appeal from that judgment, the appeal from the supplemental judgment is not timely. Plaintiffs rely on our decision in *Frederickson v. Ditmore*, 132 Or App 330, 888 P2d 108 (1995).

In *Frederickson,* the trial court entered a money judgment in favor of the defendant on his counterclaims against the plaintiffs. The judgment further provided that "Defendant is the prevailing party and is entitled to Defendant's costs and disbursements necessarily incurred, including reasonable attorney's fees, to be set pursuant to ORCP 68." *Id.* at 332. The plaintiffs timely appealed from the judgment but eventually dismissed the appeal. *Id.* at 332 n 1. Several months later, the trial court reversed course, concluding that the defendant was not entitled to fees as a matter of law. *Id.* at 334. The defendant appealed from the supplemental judgment denying fees. We reversed, holding:

> "We agree with defendant that the trial court erred in denying any recovery of fees. Defendant's entitlement to fees was adjudicated in the original judgment of September 30, 1993. That judgment was final as to entitlement to attorney fees at the time the trial court considered plaintiffs' objections." *Id.* at 334 (footnote omitted).

In a footnote, we elaborated:

> "Because plaintiffs dismissed their appeal of the September 30, 1993, judgment and did not brief or argue this appeal, we do not consider the propriety of the September 30 judgment's adjudication of fee entitlement when other issues regarding attorney fees had not yet been determined. *See* ORCP 68 C(5)(a) and (b)." *Id.* at 334 n 8.

Plaintiffs correctly observe that, in *Frederickson*, we concluded that the trial court lacked authority to revisit its

prior decision to award attorney fees to the defendant. However, in doing so, we expressly declined to consider "the propriety" of the underlying judgment. Our reticence was due, at least in part, to the plaintiffs' failure to defend the supplemental judgment on appeal. In other words, we chose not to consider, *sua sponte*, the relationship between ORCP 68 C(5) and the finality of the first judgment. In *National Mortgage Co. v. Robert C. Wyatt, Inc.*, 154 Or App 306, 312 n 2, 961 P2d 894 (1998), we reiterated that the holding of *Frederickson* was limited by our reservation for future decision of the issue whether ORCP 68 C(5) precludes a final judgment for attorney fees when the judgment does not specify the amount of fees. In *National Mortgage Co.*, we once again declined to resolve the issue because, in that case, the earlier document determining entitlement to fees had been entered as an *order* and, thus, was not appealable. *Id* at 311-12. In this case, we reach the issue that we expressly reserved for decision in *Frederickson*, namely, whether a judgment that determines a party's entitlement to attorney fees but does not award a fixed amount of fees is final as to the matter of attorney fees. We conclude, for the following reasons, that a trial court declaration that a party is entitled to attorney fees is not final without a determination of the fee amount.

ORCP 68 C(5) provides:

"(a) When all issues regarding attorney fees or costs and disbursements have been determined before a judgment pursuant to Rule 67 is entered, the court shall include any award or denial of attorney fees or costs and disbursements in that judgment.

"(b) When any issue regarding attorney fees or costs and disbursements has not been determined before a judgment pursuant to Rule 67 is entered, any award or denial of attorney fees or costs and disbursements shall be made by a separate supplemental judgment. The supplemental judgment shall be filed and entered and notice shall be given to the parties in the same manner as provided in Rule 70 B(1)."

ORCP 68 C(5)(b) directs that if a trial court enters a judgment "pursuant to ORCP 67" before all issues pertaining to attorney fees or costs and disbursements are resolved, the

court must make the award of fees or costs and disbursements by separate supplemental judgment. Here, the March 31 judgment was entered pursuant to ORCP 67 in that it finally adjudicated all of the claims, rights, and liabilities of both plaintiffs and defendants except for their respective requests for attorney fees and costs and disbursements. *See Propp v. Long*, 313 Or 218, 224, 831 P2d 685 (1992) (a request for attorney fees is not a claim or counterclaim under ORCP 67 and, therefore, failure to award attorney fees does not preclude the entry of final judgment). The March 31 judgment also purported to determine plaintiffs' entitlement to attorney fees, but it did not determine the amount of fees. The trial court's invitation to plaintiffs to submit an ORCP 68 statement confirms that the March 31 judgment was an intermediate step that merely "paved the way" for the entry of a final judgment awarding a specific amount of attorney fees to plaintiffs. *See National Mortgage Co.*, 154 Or App at 311.

 ORCP 68 C(5)(b) defers *any award* of attorney fees to a separate supplemental judgment when *any issue* regarding attorney fees has not been determined before entry of a judgment pursuant to ORCP 67. Thus, an award must resolve all issues regarding attorney fees, including a determination of the specific amount of fees, as well as a determination of entitlement. Because all issues regarding plaintiffs' request for attorney fees were not resolved until the court determined the amount of fees in the supplemental judgment, no final award of fees was made before the trial court entered the supplemental judgment. It follows that defendants' appeal from the supplemental judgment was not tardy. In fact, as explained below, the supplemental judgment itself is not yet final, because it did not render a complete award of attorney fees, costs and disbursements.[1]

---

[1] In view of our construction of ORCP 68 C(5)(b), we repudiate our holding in *Frederickson* that a party's entitlement to attorney fees may be finally adjudicated before all issues regarding fees have been determined. The better practice would be for trial courts to use a separate order or communication to direct the submission of attorney fee statements in order to avoid the mistaken implication—suggested by the inclusion of such a directive in an ORCP 67 judgment—that an appealable award of attorney fees has been made.

■ We turn to plaintiffs' motion to dismiss as to defendants' assignment of error to the award of costs to plaintiffs. The money judgment entered by the trial court on March 31 *did* award a specific amount of costs to plaintiffs. The June 8 supplemental judgment did not refer to costs at all. Thus, plaintiffs' motion to dismiss defendants' assignment of error to the award of costs would be well taken if the matter were to end with what the existing supplemental judgment provides. Defendants, however, have moved for leave for the trial court to enter an appealable judgment with respect to the award of costs, because they assert that the March 31 judgment is not a final judgment as to that award. The question is whether, in light of ORCP 68 C(5), the March 31 judgment was final as to the award of costs, even though it was not final as to the attorney fee award.

■ ORCP 68 C(5)(a) directs inclusion of attorney fee or costs and disbursement awards in an ORCP 67 judgment, "[w]hen *all* issues regarding attorney fees *or* costs and disbursements have been determined" at the time judgment is entered. (Emphasis added.) ORCP 68 C(5)(b) requires inclusion of such awards in a supplemental judgment "[w]hen *any* issue regarding attorney fees *or* costs and disbursements has not been determined before" entry of an ORCP 67 judgment. (Emphasis added.) The drafters' use of the terms "all issues" and "any issue" indicates that an award of costs and disbursements is to be included with any award of attorney fees in a single judgment, one that is either entered under ORCP 67 or, if necessary, as a supplemental judgment. In either case, an award of either costs and disbursements or attorney fees is not completed until all issues pertaining to each matter have been addressed in one judgment.

■ Our construction of the rule is not impaired by the use of the word "or" as a connector between the terms "attorney fees" and "costs and disbursements." "Or" does have a disjunctive meaning. *Lairmore v. Drake and Borough*, 185 Or 239, 246, 202 P2d 473 (1949). However, often "or" is used by the legislature to connect alternatives that are not mutually exclusive but, rather, may each cause a certain result or apply in a given circumstance. *See Lee v. Oregon Racing Commission*, 142 Or App 114, 119-20, 920 P2d 554, *rev den* 324 Or 394 (1996) (when there is nothing to suggest that the

legislature so intended, its use of the word "or" does not signify alternatives that are mutually exclusive). Such is the case with its use in both subsections of ORCP 68 C(5). Because attorney fees are available only in limited circumstances, it is common for an award of costs and disbursements to be made without an accompanying award of attorney fees. Thus, the use of "or" as a connector between the two types of recovery simply acknowledges that an award of one does not require the award of the other. It does not suggest that, when both are awarded, they may be awarded in separate judgments. In fact, the reverse is true. In essence, the rule provides that if, when an ORCP 67 judgment is entered, any issue remains unresolved either with respect to attorney fees or, *alternatively*, as to costs and disbursements, neither award is complete until entry of a supplemental judgment that disposes of both.[2] Such a construction of the rule is faithful to its text and also logically avoids the necessity, in cases such as this, of piecemeal appeals of awards of costs and disbursements and attorney fees.

Because the award of costs in the March 31 judgment was not final under ORCP 68 C(5)(b), the court was required to make the award by supplemental judgment. Therefore, pursuant to ORS 19.270(4) and by separate order, we grant leave for the trial court to enter an amended supplemental judgment in order to do so.

We turn to the balance of defendants' motion. Defendants correctly observe that the trial court has not entered a judgment disposing of their exceptions to the arbitrator's failure to award them their attorney fees and costs. We grant leave to the trial court further to amend the supplemental judgment to dispose of defendants' request for attorney fees and costs. ORS 19.270(4).

Motion to dismiss denied.

---

[2] We acknowledge the redundancy inherent in requiring the restatement of a previous purported award of costs or attorney fees in a supplemental judgment when some but not all issues regarding costs or attorney fees have been addressed in an ORCP 67 judgment. However, ORCP 68 C(5)(b) does not adopt the principle of ORCP 67 B, which contemplates the entry of *seriatim* nonfinal decisions that culminate in a final judgment adjudicating the last remaining claims, rights, or liabilities in the action. Instead, the rule requires that the entire award be made by supplemental judgment under those circumstances. Any inefficiencies flowing from that requirement are best addressed by the Council on Court Procedures.