Argued and submitted September 25, 2002, affirmed September 10, 2003

## STATE OF OREGON,
### *Respondent,*

*v.*

## RANDALL THOMAS MELTON,
### *Appellant.*

### 97CR0900; A114440

76 P3d 156

Jesse Wm. Barton, Chief Deputy Defender, argued the cause for appellant. With him on the brief was David E. Groom, Acting Deputy Defender, Office of Public Defense Services.

Julie A. Smith, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Following entry of a guilty plea, defendant was convicted and sentenced in May 1998 for assault in the second degree, an offense for which ORS 137.700 (Ballot Measure 11 (1995)) mandates a prison term of 70 months. Pursuant to ORS 137.712(2)(a) and (b),[1] the trial court departed from the statutory minimum prison sentence and imposed a lesser guidelines sentence of supervised probation for five years, with general and special conditions of probation. ORS 137.540.

On December 16, 1999, defendant violated conditions of his probation by consuming alcohol and by failing to submit to supervision. Pursuant to ORS 137.597, he agreed to a structured, intermediate sanction for those violations. On September 24, 2000, defendant committed the crime of driving under the influence of intoxicants (DUII). On September 25, 2000, defendant and his probation officer entered into a second structured sanction agreement. A "Violation and Structured Sanction Reporting Form" listed the conditions violated as "No Alcohol" and "Submit to Supervision and Visits." The "substantiation" paragraph of the form explained the factual basis for the violations:

> "On September 24, 2000 this officer was contacted by [the] Grants Pass Department of Public Safety. [Officer] Ridenour alleged that Mr. Melton had committed the crime of Driving Under the Influence of Intoxicants. An intoxilyzer test taken shortly after his arrest resulted in a Blood-Alcohol Content of 0.29%. Mr. Melton has been directed to abstain from the use of intoxicants and to comply with all conditions of supervision, including conformance to all laws."

The agreement imposed a sanction of two custody units, that is, two days in jail. Notably, although the factual basis for the

---

[1] When the crime charged is assault in the second degree, ORS 137.712 permits the trial court to impose a sentence that is less than the minimum sentence otherwise required by ORS 137.700 if the court finds that a substantial and compelling reason justifies the lesser sentence and it further finds that the victim was not physically injured by means of a deadly weapon, that the victim did not suffer significant physical injury, and that the defendant does not have a previous conviction for one of the crimes listed in ORS 137.712(4).

violations was a suspected DUII offense, the reporting form did not list as a violated condition the general condition of probation that required defendant to "obey all laws, municipal, county, state and federal." Thus, contrary to defendant's factual assertion, we conclude that defendant was not cited for violation of the general condition to obey all laws, and no sanction was imposed for violation of that condition.

Defendant served the sanction of two days in jail. On October 16, 2000, 20 days after defendant entered the sanction agreement, the state charged defendant with DUII arising out of the incident that had resulted in the structured sanction. On November 20, 2000, the state sought to revoke defendant's probation for the reason that, by committing the crime of DUII, defendant had violated the general probation condition that he obey all laws. Defendant moved to dismiss the state's motion. The trial court denied the dismissal motion and on April 18, 2001, entered an order revoking defendant's probation and imposing a presumptive sentence of 37 months' imprisonment and 36 months' post-prison supervision. In the meantime, on December 11, 2000, defendant entered a plea of guilty to DUII.

■ Defendant appeals from the order revoking his probation, assigning error to the trial court's failure to grant his motion to dismiss. He asserts that, because the state failed to intervene in the proceeding to impose the structured, intermediate sanction and because he completed the required sanction, the trial court lacked authority to revoke his probation. The state asserts that the fact that defendant had previously served an intermediate sanction for violation of two probation conditions did not preclude the trial court from revoking defendant's probation for violation of a different probation condition.

The state further asserts that the trial court had no choice but to revoke defendant's probation pursuant to ORS 137.712(5), which requires a court to revoke probation when a defendant who is on probation for a Measure 11 offense violates a condition of probation by engaging in new criminal conduct. The state is correct. The structured sanction of two custody units imposed by the probation officer for defendant's violation of two probation conditions did not preclude the

court from revoking defendant's probation for his commission of a crime arising out of the same occurrence. In fact, the relevant statutes compel the conclusion that the trial court was required to revoke defendant's probation.

ORS 137.540(4) provides:

"Failure to abide by all general and special conditions imposed by the court and supervised by the Department of Corrections or a county community corrections agency may result in arrest, modification of conditions, revocation of probation or imposition of structured, intermediate sanctions in accordance with the rules adopted under ORS 137.595."

Defendant's violation of the conditions of his probation subjected him to the sanctions specified in ORS 137.540(4). The statute gives the supervising authority flexibility to respond to probation violations by permitting it to impose a combination of sanctions for multiple violations. We reject defendant's suggestion that the use of the word "or" between "probation" and "imposition" means that the list of consequences is mutually exclusive and that only one consequence can be imposed for all violations stemming from a single incident. As we said in *Petersen v. Fielder*, 170 Or App 305, 311, 13 P3d 114 (2000), although the word "or" is generally used to convey a disjunctive meaning, the word can be used to connect alternatives that are not mutually exclusive. *See, e.g.*, ORS 137.545(2) (providing that a probationer may be arrested *and* sanctioned for probation violations). Furthermore, contrary to defendant's contention, we conclude that nothing in the statutory scheme precludes the state from separately adjudicating discrete probation violations. *Cf. State v. Smith*, 98 Or App 543, 779 P2d 1097 (1989) (statute indicated an intention to provide the trial court with alternative, but not cumulative, options for a given violation of probation). Nothing requires the consolidation of all pending probation violations in a single structured-sanction report, and nothing precluded the trial court from separately imposing a sanction—here, revocation—for a separate violation to which defendant did not admit and for which defendant did not complete a structured, intermediate sanction.

Pursuant to ORS 137.593(1), a probation officer may impose structured, intermediate sanctions for probation violations. However, only the sentencing court may revoke probation. ORS 137.593(2); ORS 137.545(5)(b). The court also retains the authority to bring the probationer before the court for a hearing "prior to" the imposition of structured, intermediate sanctions or within four judicial days after receiving notice that such sanctions have been imposed. ORS 137.593(2)(c). ORS 137.593(3) provides that "in no case may the sentencing judge * * * revoke probation * * * after the probationer has completed a structured, intermediate sanction."[2]

We reject defendant's contention that, by virtue of his completion of a structured intermediate sanction for violating two conditions of his probation, the court lacked authority to revoke his probation for a violation of a different condition. As we have previously concluded, the sanction agreement did not penalize defendant for violating the probation condition that he obey all laws. Defendant's completion of sanctions for his other violations did not preclude the court from revoking defendant's probation for a separate violation. ORS 137.712(5) provides that,

"[n]otwithstanding [the court's discretionary authority to revoke probation pursuant to ORS 137.545(5)(b)], if a person sentenced to probation under this section violates a condition of probation by committing a new crime, the court shall revoke the probation and impose the presumptive sentence of imprisonment under the [guidelines]."

In committing the crime of DUII, defendant violated the condition of probation that he obey all laws. The trial court did not err in revoking his probation.[3]

Affirmed.

---

[2] ORS 137.599 duplicates the provisions of ORS 137.593(2)(c) and (3).

[3] Because of the basis of our decision in this case, we need not decide whether the court would be required by ORS 137.712(5) to revoke defendant's probation notwithstanding the limit imposed by ORS 137.593(3) on the court's revocation authority if the revocation *were* based on the violation of the same probation conditions for which defendant had received and completed his intermediate sanction.