Argued and submitted July 9, appeal dismissed August 6, 2008

Monica L. MATHEWS,
*Petitioner-Appellant,*

*v.*

Enoch Ray HUTCHCRAFT,
*Respondent-Respondent.*

Lane County Circuit Court
180707919; A135955

190 P3d 474

Roger Lee Clark argued the cause and filed the briefs for appellant.

William H. Martin and Gleaves Swearingen Potter & Scott, LLP, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner appeals a general judgment dismissing her petition for a permanent stalking protective order and ordering the imposition of monetary sanctions in an amount to be determined after a hearing. She argues that the trial court erred in ordering sanctions. Respondent contends that the general judgment is not appealable as to the issue of sanctions and that the appeal should be dismissed. We agree with respondent and dismiss the appeal.

The relevant facts are not in dispute. Petitioner applied for, and obtained, a temporary stalking protective order. ORS 30.866(1). The court issued an order to show cause why the temporary order should not be continued for an indefinite period. ORS 30.866(2). At the hearing, petitioner presented evidence about the basis for her request for a permanent stalking protective order. Respondent then moved to dismiss on the ground that there was legally insufficient evidence to issue an order. The trial court granted the motion. Respondent then orally requested an order imposing sanctions on petitioner. The trial court stated that it would allow respondent to present a cost bill and would consider the amount of sanctions in light of the cost bill.

On May 22, 2007, the trial court entered a general judgment dismissing with prejudice the petition for a stalking protective order. The judgment further provided that "[m]onetary sanctions are imposed against Petitioner and in favor of Respondent for Respondent's attorney fees in an amount to be determined by the Court after due consideration of Respondent's petition for attorney fees to be submitted in accordance with ORCP 68 C." The following day, respondent submitted a petition for attorney fees and costs as a sanction under ORCP 17 D.[1]

On June 13, 2007, petitioner filed a notice of appeal of the general judgment. A month later, on July 19, 2007, the

---

[1] ORCP 17 D(1) provides that a "court may impose sanctions against a person or party who is found to have made a false certification" to the court.

trial court entered a supplemental judgment awarding attorney fees in the amount of $7,500 and costs and disbursements of $1,124.70. Petitioner did not appeal the supplemental judgment.

■ On appeal, petitioner argues that the trial court erred in imposing sanctions because the court failed to satisfy the requirements of ORCP 17 D before granting the request for sanctions. Among other things, petitioner contends, the court failed to require respondent to file a written motion for sanctions, failed to require service of the motion, and failed to set out the basis for its decision to grant the motion.

Respondent contends that petitioner has, in essence, appealed the wrong judgment and that this appeal must be dismissed. According to respondent, under *Petersen v. Fielder*, 170 Or App 305, 13 P3d 114 (2000), the general judgment was not final as to attorney fees and costs because, at the time it was entered, there had not been a determination of an amount, if any, to be actually awarded. Petitioner contends that *Petersen* applies only when the issue on appeal pertains to the amount of fees and costs awarded.

In *Petersen*, the trial court entered a general judgment that incorporated an arbitrator's award of damages and costs to the plaintiffs and specified that the plaintiffs' attorney fees "will be determined subsequently under ORCP 68 C." The defendants did not appeal that judgment. *Id.* at 307. The plaintiffs then submitted a statement of attorney fees, and the trial court entered a supplemental judgment awarding $9,490. *Id.* at 307-08. The defendants appealed from that judgment, assigning error to the award of attorney fees and costs to the plaintiffs and to the denial of their own request for attorney fees and costs. The plaintiffs moved to dismiss the appeal on the ground that the defendants had not appealed the general judgment, given that entitlement to attorney fees and costs had been determined in that, and not the supplemental, judgment. *Id.* at 308.

We denied the motion to dismiss, concluding that the defendants could not have appealed the general judgment because "a trial court declaration that a party is entitled to attorney fees is not final without a determination of the fee amount." *Id.* at 309. We explained:

"ORCP 68 C(5)(b) defers *any award* of attorney fees to a separate supplemental judgment when *any issue* regarding attorney fees has not been determined before entry of a judgment pursuant to ORCP 67. Thus, an award must resolve all issues regarding attorney fees, including a determination of the specific amount of fees, as well as a determination of entitlement. Because all issues regarding [the] plaintiffs' request for attorney fees were not resolved until the court determined the amount of fees in the supplemental judgment, no final award of fees was made before the trial court entered the supplemental judgment."

*Id.* at 310 (emphases in original).

In this case, the trial court entered two judgments: a general judgment awarding attorney fees and costs in an amount yet to be determined, and a supplemental judgment actually awarding attorney fees and costs. Under *Petersen*, the general judgment was not final because the amount of attorney fees and costs, if any, to be awarded remained undetermined until the entry of the supplemental judgment. Petitioner, in other words, appealed a nonfinal judgment as to the issue of attorney fees and costs.

■   Petitioner's suggestion that *Petersen* is limited to cases in which a party challenges the *amount* of an attorney fee or cost award is simply not supported by the reasoning of that decision. As we noted in that case, when *any issue* regarding attorney fees or costs remains undetermined at the time of the entry of the general judgment, that judgment is not final, at least as to the matter of attorney fees and costs. Moreover, in *Petersen*, as in this case, the issue was entitlement to attorney fees and costs, not just the amount awarded.

We conclude that *Petersen* is controlling. Petitioner's appeal therefore must be dismissed.

Appeal dismissed.