826 September 5, 2024 No. 646

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Rachel DOSS,
*Plaintiff-Appellant,*

*v.*

FARMERS INSURANCE COMPANY OF OREGON,
an Oregon corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
21CV13865; A180585

Angela F. Lucero, Judge.

Argued and submitted January 9, 2024.

Willard E. Merkel argued the cause for appellant. Also on the briefs was Merkel & Associates.

Thomas M. Christ argued the cause for respondent. Also on the brief was Sussman Shank LLP.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals a general judgment that awarded her damages and costs. In a single assignment of error, plaintiff challenges the denial of her attorney fee request. We affirm.

The relevant facts are procedural. In late 2022, plaintiff prevailed at trial and subsequently requested attorney fees. On January 27, 2023, the trial court held a hearing on plaintiff's request for attorney fees. At that hearing, the trial court denied the request. The trial court explained that it had already signed the general judgment, which "included the cost bill. What [the court] didn't sign was anything with regards to attorney fees." The trial court stated that "the only thing left in [its] queue for signature was this order on the attorney fees" and that it would enter that order. On February 1, 2023, the trial court entered a general judgment that awarded plaintiff damages and costs. The general judgment did not address attorney fees.

On February 3, 2023, plaintiff filed a notice of appeal that stated that she was appealing "from the General Judgment and Money Award entered in this case in Multnomah County Circuit Court on February 1, 2023[.]" On February 10, 2023, the trial court entered an order denying plaintiff's request for attorney fees. Plaintiff did not amend the notice of appeal to include the order denying attorney fees.

"Before turning to plaintiff's specific arguments, we review the prerequisites for obtaining appellate review of an asserted trial-court error." *John Hyland Const., Inc. v. Williamsen & Bleid, Inc.*, 287 Or App 466, 470, 402 P3d 719 (2017). As relevant here, when reviewing challenges to attorney fee awards, we have explained that "this court can address issues related to attorney fees only on appeal from a judgment that is *final as to the matter of attorney fees*, including a determination of any fee amount." *Lehman v. Bielenberg*, 257 Or App 501, 511, 307 P3d 478 (2013) (emphasis added; internal quotation marks omitted). A judgment is "final" as to attorney fees when it resolves "all issues

regarding [a party's] request for attorney fees." *Petersen v. Fielder*, 170 Or App 305, 310, 13 P3d 114 (2000).

We cannot address plaintiff's assignment of error challenging the denial of her attorney fee request. Here, plaintiff appeals from a general judgment that does not resolve any issues regarding her attorney fee request. Because the judgment is not "final as to the matter of attorney fees," *Lehman*, 257 Or App at 511 (internal quotation marks omitted), we cannot review plaintiff's assignment of error in an appeal from that judgment. *See id.* at 512 (explaining that because the appellant "appealed only [the] general judgment, not any supplemental judgment that might (or might not) later have awarded fees to either party," "we cannot address the issues raised in his third and fourth assignments of error, which relate solely to attorney fees that the court contemplated it might award in the future"); *see also LDS Development, LLC v. City of Eugene*, 280 Or App 611, 614 n 2, 382 P3d 576 (2016), *rev den*, 361 Or 100 (2017) (concluding that the plaintiff's assignment of error challenging the attorney fee award was "unreviewable because the general judgment does not conclusively determine the amount of fees owed" and explaining that "following the entry of the general judgment, the trial court entered a supplemental judgment that awarded the city its attorney fees and costs. That judgment is the subject of a separate appeal").

Affirmed.